THE CITY BANK OF NEW ORLEANS *v.* JAMES HUIE.

Privileges do not necessarily exist without registry; most privileges now existing by law, are required to be recorded, to operate against third persons.

Assessments made under the act of 2d April, 1832, regulating the opening and improvement of streets and public places in the city of New Orleans, are privileged as to third persons, only from the time of inscription in the office of the recorder of mortgages.

In the construction of a statute, effect must be given, if possible, to every part.

APPEAL from the District Court of the First District, *Buchanan*, J. *Rawle*, for the appellant. 1. The claim of the Municipality is

privileged, and of a higher rank than a mortgage; it should be paid by preference, at whatever time recorded. 2. The assessment being for the repayment of money expended in the improvement of the property, by which the mortgagee and the owner have been equally benefitted, the Municipality is entitled in equity to a preference. 3. The recording of the assessment was not necessary, the Municipality having a privilege from the nature of the case, and by the express provisions of the law. 4. The law is not unconstitutional. *Oakey* v. *Mayor et al.* 1 La. 1. *Dale* v. *M'Evers*, 2 Cowen 124.

*R. N. Ogden* and *A. N. Ogden*, for the Bank of North Carolina, and *L. Pierce* for James Armor, appellees. 1. The assessment was not duly recorded, the law requiring that the decree homologating the report should be recorded, which was not done. 2. Though regularly recorded, the mortgage exists only from the date of such record, which was subsequent to the mortgages of the appellees. 3. The case from 2 Cowen, 124, is inapplicable; it was decided under a law which provided 'that the assessment or tax for opening a street should, when imposed by the corporation, operate as a lien on the lots, overreaching all other incumbrances though prior in date;' 2. R. L. 499, sec. 37; and no such provision exists in the law under which the appellant claims. 4. No privilege can exist unless expressly granted by law. The present claim is analogous to those enumerated in arts. 2746, 2747, 3238, 3239, 3240, and 3241 of the Civil Code, all of which must be recorded to have effect.

BULLARD, J. The sheriff having sold under execution, certain city lots belonging to the defendant, Huie, the Second Municipality of New Orleans having a lien or mortgage on the lots, resulting from an assessment for opening a street, under the act of 1832, took a rule upon other creditors of the defendant, to show cause why the sheriff should not retain in his hands the amount of their claim out of the proceeds of the sale, to be paid to them in preference to all other mortgages. This rule was at first made absolute as to all the parties, but was afterwards, by agreement, opened as to the Bank of North Carolina and James Armor.

The statement of facts shows, that the mortgage in favor of James Armor was recorded on the 8th of July, 1839, and

that of the Bank of North Carolina on the 23d of December, 1839; and that the lots in question were assessed according to the provisions of the act of 1832, in the sum claimed by the Municipality, and that on the 10th of October, 1840, the schedule of assessment against Huie was recorded in the office of the recorder of mortgages.

The District Court considering that these different mortgages were to rank according to the date of their registry, discharged the rule, and the Municipality has appealed.

The counsel of the appellant contends that its claim, under the assessment in virtue of the act of 1832, is privileged, and of a higher rank than a mortgage, and should be paid by preference, whatever may have been the time at which it was recorded.

The seventh section of the act, after directing in what way the assessment shall be made, provides, that 'the sums so assessed shall be a lien on the said lands and premises into whosoever's hands they may pass, *as a mortgage*, provided that the same shall be duly recorded in the office of the recorder of mortgages.'

The argument of the counsel would have great force, if all privileges necessarily existed without registry. But such is not the case. Most privileges now existing by law, are required to be recorded in order to operate against third persons. Publicity, if not of their essence, is necessary to give them that effect. That part of the statute which gives to the assessment the effect of a lien, is modified by the expression '*as a mortgage*,' and by the proviso, that the lien is subject to the condition of being recorded in the office of the recorder of mortgages. If we were to adopt the construction of the statute, contended for by the counsel for the Municipality, we should disregard altogether the proviso to the seventh section, contrary to the well settled rule of construction that effect must be given, if possible, to every part of a statute. We therefore fully concur in the opinion given by the district judge.

*Judgment affirmed.*